Case 4:16-cv-00845-A Document 6 Filed 09/12/16 Page 1 of 6 PageID 41

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 12 2016

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

| | | |
|---|---|---|
| LAMIN LAMAR DANIELS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-845-A |
| | § | (NO. 4:14-CR-196-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Lamin Lamar Daniels under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion, the record in the underlying criminal case, No. 4:14-CR-196-A, and applicable authorities finds that the motion should be denied.

I.

Background

On September 10, 2014, movant was named in a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). CR Doc.[1] 1. On October 24, 2014, movant pleaded guilty. CR Doc. 18. By judgment imposed and signed February 6, 2015, movant was sentenced to a term of imprisonment of 120 months. CR Doc. 30.

---

[1] The "CR Doc." reference is to the number of the item on the docket in the underlying criminal case, No. 4:14-CR-196-A.

Movant's sentence was affirmed on appeal. CR Docs. 38, 39. His petition for writ of certiorari was denied on March 7, 2016. CR Doc. 41.

Movant sought leave of the Fifth Circuit to file the instant motion, apparently believing it to be a successive one. Leave was denied since, as the Fifth Circuit noted, this is movant's first motion and it is timely. CR Doc. 42.

II.

Ground of the Motion

Because of the manner in which the motion is typed, it appears that movant asserts one ground[2] in support of his motion. Doc.[3] 2 at 16 of 30. The gist of the complaint is that the enhancement of his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), ("ACCA"), cannot stand in light of Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016). He refers to the residual clause as being unconstitutionally vague, implying that it was applied

---

[2]Although there is typing in the box for "ground two," no separate ground is set forth; nor are any supporting facts.

[3]The "Doc." reference is to the number of the item on the docket in this civil action, No. 4:16-CV-845-A.

2

in his case although he cites no facts to support such a contention.[4]

### III.

### Analysis

A. Applicable Legal Principles

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of

---

[4] In the space for supporting facts, movant continues his legal argument.

3

habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Johnson does not apply.

The holding in Johnson is that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. In particular, the Court says that its decision does not call into question any other provision of the Act. Id. And, in Welch v. United States, the Court reminded: "Johnson considered the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii). The Court held *that provision* void for vagueness." 136 S. Ct. at 1260-61 (emphasis added). The Court concluded, "Johnson announced a substantive rule that has retroactive effect in cases on collateral review." Id. at 1268.

The right announced in Johnson specifically pertains to the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii). Giving movant

4

the benefit of the doubt, it appears that he is urging that his sentence must have been based on the residual clause, but he is mistaken. There is no evidence to support this claim. See Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)(movant bears the burden of establishing his claims by a preponderance of the evidence). As the presentence report reflects, the guideline for movant's § 924(g)(1) conviction was U.S.S.G. 2K2.1(a)(2). Movant's base offense level was enhanced because he had two prior felony convictions, one a crime of violence and one a controlled substance offense. The crime of violence was aggravated assault with a deadly weapon, to-wit: a firearm. CR Doc. 22, ¶ 31. The application notes under U.S.S.G. § 2K2.1 refer to U.S.S.G. § 4B1.2(a) and application note 1 thereto for the meaning of "crime of violence." Application note 1 under 4B1.2 specifically defines "crime of violence" to include aggravated assault.

At the time movant's sentence was imposed, neither the court nor anyone else would have thought or understood that movant was being sentenced based on the residual clause. The record would certainly not support such a contention. Movant offers nothing to support his argument. Because he cannot establish a right to relief under Johnson, movant's motion must be denied.

5

IV.

Order

For the reasons discussed herein,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED September 12, 2016.

_____
JOHN McBRYDE
United States District Judge